## THE DAVIDSON.

*(District Court, E. D. Wisconsin. January, 1880.)*

**SEAMEN—SALVORS—PRIORITY OF LIENS.**
It is the duty of seamen to remain by the wreck of a vessel so long as their personal safety will permit, and save as much as possible from the vessel; and when they have done so the fragments of the vessel, and the outfit saved, constitute a fund pledged for payment of their wages, superior to the claim of the salvors.

In Admiralty. Libel by seamen for wages. Intervention by salvors. Decree for libelants.

The facts in this case, as shown by the pleadings, were these: On the 15th day of October, 1879, the schooner Davidson left Chicago on a voyage to northern ports on Lake Michigan. The libelants shipped on board as seamen. On the next day the vessel was stranded on Pilot Island reef. On request for assistance from the master, Wolf & Davidson, of Milwaukee, dispatched the tug Leviathan with steam pump and other apparatus to the relief of the vessel. Efforts were made to get the vessel off, and were continued until November 26th, but unsuccessfully. From the time the vessel was stranded until exertions to relieve her were abandoned, libelants continued on board. On the 25th day of November, the master of the tug, being convinced that the vessel could not be relieved, deemed it advisable to save her outfit, consisting of boats, tackle, rigging, apparel, and furniture, and ceased his efforts in behalf of the vessel. Thereupon the master and crew of the tug, with the assistance of the crew of the vessel, removed the vessel's outfit to the tug, and brought it, together with the master and crew of the vessel, to the port of Milwaukee. Libelants were then discharged, but were not paid their wages, and thereupon libeled the outfit. Decree was rendered in their favor, the outfit sold, and the proceeds were paid into the registry of the court. Thereupon the owners of the tug intervened by petition, as salvors, insisting that their claim for salvage service was prior to that of the seamen, and asked for payment as having the prior right to the proceeds of sale.

*Markhams & Smith*, for seamen.

*M. C. Krause*, for salvors.

DYER, District Judge. The seamen were not discharged from the obligation of their contract of service by the happening of disaster to the vessel. It was their duty, so long as their personal safety permitted, to remain by the wreck, and save as much as possible, and upon compliance with this obligation the fragments of the vessel constituted a fund pledged for payment of their wages; but upon abandonment by them of the wreck the contract between them and the owner of the vessel would be dissolved, and they would then lose their privilege against the vessel, and their claim for wages. As libelants remained by the wreck, and did not abandon it until the outfit was removed, their right to wages and their lien continued in force. Under the circumstances of the case the wages earned while they remained on board, and until the vessel was finally abandoned, did not constitute antecedent wages, in a sense which would postpone them to the claim of the salvors, and the proceeds of the outfit must be first applied to payment of their demands, although it would have been otherwise had they abandoned the wreck before the salvage service was begun.